# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **ANGEL LOUIS VEGA, JR.,** | ) | NO. LA CV 13-09530-VBF-E |
| | ) | |
| **Plaintiff,** | ) | **OPINION and ORDER** |
| | ) | |
| v. | ) | Dismissing Damages Claims With Prejudice; |
| | ) | |
| CAPTAIN M. NUNEZ | ) | Dismissing Rest of Complaint *Without* Prejudice; |
| in his official capacity, and | ) | |
| | ) | Permitting Plaintiff to File an Amended Complaint |
| CORRECTIONAL OFFICER | ) | by a Date Certain; |
| L. GARCIA, in his official capacity, | ) | |
| | ) | Warning Plaintiff that Dismissal May Be Converted |
| Defendants. | ) | to "With Prejudice" if He Fails to File a Suitable Amended |
| | ) | Complaint by the Deadline |

Proceeding *pro se*, California state prisoner Angel Louis Vega, Junior ("plaintiff") brings this civil-rights action pursuant to 42 U.S.C. section 1983 against two officials at the California State Prison - Los Angeles County.  The defendants are Captain M. Nunez and Correctional Officer L. Garcia, sued in their official capacities only.  For the reasons discussed below, the Court will dismiss with prejudice the damages claims against the defendants in their official capacities.  The Court will dismiss the rest of the complaint only without prejudice for failure to state a claim on which relief could be granted, i.e., with leave to amend by a date certain.  *See* 28 U.S.C. § 1915(e)(2)(B).  Finally, the Court will advise plaintiff of the possible adverse consequences in the event that he does not filed a suitable, timely first amended complaint.

<u>ANALYSIS</u>

Plaintiff appears to challenge a prison disciplinary proceeding, alleging that there was "fabrication" and that he was "only a victim in the incident which occurred and led him in Confinement." He alleges that defendant Nunez assured him that he "Would go to Committe[e]" the next day but he was not brought before the committee until seven days later, in violation of his First, Eighth, and Fourteenth Amendment rights. He further alleges that defendant Garcia moved him to a different cell which provided inadequate ventilation, subjecting him to cruel and unusual punishment and mental stress.

The Court discerns numerous legal deficiencies in the complaint which render it, in current form, noncompliant with Rule 8's requirement of "simple, concise, and direct" allegations as part of a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. Proc. 8(d)(1). Conclusory allegations are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 686 (2009). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotations omitted). The confused and conclusory allegations of the Complaint do not satisfy these standards. *See US v. General Dynamics C4 Systems*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (under Rule 8, a federal district court may dismiss confused, ambiguous and unintelligible pleading).

## ANALYSIS:  DAMAGES CLAIMS AGAINST OFFICIAL-CAPACITY DEFENDANTS

**First, to the extent that plaintiff is trying to sue Nunez or Garcia in their official capacities for monetary damages, the suit is tantamount to a suit against their employer (the State** of California). *See Will*, 491 U.S. at 71; *Krainski*, 616 F.3d at 968; *Byrd v. Maricopa Cty. Sheriff's Dep't*, 565 F.3d 1205, 1208 n.1 (9th Cir. 2009) ("We construe Byrd's complaint against [sheriff] Arpaio in his official capacity as a suit against Maricopa County.") (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985) and *Center for Bio-Ethical Reform v. L.A. County Sheriff Dep't*, 533 F.3d 780, 786 (9th Cir. 2008) (official-capacity suit against county sheriff was effectively a suit against the county)), *on reh'g en banc on other grounds*, 629 F.3d 1135 (9th Cir. 2011).

1    "'[W]hen the action is in essence one for the recovery of money from the state, the state is the real,

2    substantial party in interest and is entitled to invoke its immunity from suit even though individual officials

3    are nominal defendants.'" *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277, 117 S. Ct. 2028, 2038

4    (1997) (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464, 65 S. Ct. 347, 350

5    (1945)); *see, e.g., Hamilton v. Hernandez*, 500 F. App'x 592, 594-95 (9th Cir. 2012) ("Hamilton's claims

6    for monetary relief against prison officials in their official capacity also fail on sovereign immunity

7    grounds.") (citing *Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012)).

8         **Therefore, the claims for money damages against Nunez or Garcia in their official capacities**

9    **are barred by the State's Eleventh Amendment sovereign immunity.** *See Will*, 491 U.S. at 71;

10   *Braunstein v. Arizona DOT*, 683 F.3d 1177, 1188-89 (9th Cir. 2012) ("[I]t has been 'well established for

11   many years' that sovereign immunity precludes § 1981 and § 1983 damages claims against state entities and

12   state actors in their official capacities" and the Supreme Court has held that section 1983 does not abrogate

13   this sovereign immunity) (citing *Quern v. Jordan*, 440 U.S. 332, 342-45, 99 S. Ct. 1139 (1979)).

14        This is because "'when the action is in essence one for the recovery of money from the state, the state

15   is the real, substantial party in interest . . . even though individual officials are nominal defendants.'" *Idaho*

16   *v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277, 117 S. Ct. 2028, 2038 (1997) (quoting *Ford Motor Co.*

17   *v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464, 65 S. Ct. 347, 350 (1945)); *see, e.g., Barendt v. Gibbons*,

18   467 F. App'x 585 (9th Cir. 2012) (holding that state governor and prison officials had sovereign immunity

19   from prisoner's Religious Land Use and Institutionalized Persons Act claim seeking money damages for

20   alleged temporary restriction of his participation in a candle-lighting service at the appropriate time).

21        . In addition, "*[a]lthough Congress may render states liable [sic, should be suable] in federal court*

22   *by exercising its enforcement powers under the Fourteenth Amendment, see Fitzpatrick v. Bitzer*, 427 U.S.

23   445, 96 S. Ct. 2666 (1976), Congress did not do so with respect to 42 U.S.C. § 1983 . . . ." *Sharnese v.*

24   *California*, 547 F. App'x 820, 822 (9th Cir. 2013) (citing *Will*, 491 U.S. at 66) (emphasis added), *cert.*

25   *denied sub nom. Shea v. California*, – U.S. –, 134 S. Ct. 1542 (2014).

26

27        **Thus, plaintiff's request for damages against government defendants in their individual**

28   **capacities must be dismissed *with* prejudice, consistent with the unanimous practice of this court's**

**members.** *See, e.g., Ass'n of Info. Media & Equip. v. Regents of Univ. of Calif.*, 2012 WL 7683452, *1 (C.D. Cal. Nov. 20, 2012) (Marshall, J.) ("The court granted that motion and dismissed (1) all claims against the Regents and any claims seeking damages against individuals in their official capacity *with* prejudice . . . .") (italics added); *Silverbrand v. Woodford*, 2010 WL 3635780, *10 (C.D. Cal. Aug. 18, 2010) (Woehrle, M.J.) ("The following claims are subject to dismissal with prejudice: . . . all damages claims against official[-]capacity defendants . . . ."), *R&R adopted*, 2010 WL 3635303 (C.D. Cal. Sept. 16, 2010); *Alexander v. Bay*, 2010 WL 2951139, *6 (C.D. Cal. June 14, 2010) (McDermott, M.J.) ("Plaintiff's claims for damages against the Federal Defendants in their official capacities are claims against the United States that are barred by the doctrine of sovereign immunity, which must be dismissed with prejudice for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)."), *R&R adopted*, 2010 WL 2951152 (C.D. Cal. July 23, 2010) (Selna, J.); *Corrow v. BOP*, 2009 WL 1464390, *4 (C.D. Cal. May 22, 2009) (Hatter, J.). *Accord Wilborn v. Napolitano*, 2012 WL 354494, *8 (**S.D. Cal.** Feb. 2, 2012) (Gonzalez, J.), *app. dis.*, No. 12-55541 (9th Cir. Apr. 11, 2012) ("Plaintiff's constitutional claims are barred by the doctrine of sovereign immunity to the extent Plaintiff is seeking damages.  Accordingly, the Court dismissed with prejudice Plaintiff's constitutional claims to the extent Plaintiff is seeking monetary damages.").

The Court would further note that the State's Eleventh Amendment sovereign immunity does *not* bar section 1983 claims which seek *equitable* relief, rather than damages, from state-employee defendants acting in their official capacities.  *See Buchanan v. Hurt*, 2014 WL 1454831, *2 (D. Neb. Apr. 15, 2014).

ANALYSIS:  HECK V. HUMPHREY BARS GOOD-TIME CREDIT CLAIM

**Second, to the extent that Vega seeks to challenge a prison disciplinary ruling for which he suffered a loss of credited time, the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),** which held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *See Vargas v. Wabakken*, 384 Fed. App'x 604, 605 (9th Cir. 2010) ("To the extent Vargas contends the misconduct report resulted in a loss of good time credits that will affect the duration of his sentence, his claim is *Heck*-barred.").

"The *Heck* bar exists t[o] preserve the rule that federal challenges which, if successful, would necessarily imply the invalidity of incarceration *or its duration*, must be brought by petition for writ of

4

1   habeas corpus." *Hernandez v. Martinez*, 2013 WL 6838682, *4 (E.D. Cal. Dec. 20, 2013) (dismissing state

2   prisoner's Due Process claim arising out of "isolated" incident in which a female prison employee saw him

3   naked and putting on his underwear) (citing *Muhammad v. Close*, 540 U.S. 749, 750-51, 124 S. Ct. 1303

4   (2004)).  *See also Thornton v. Brown*, 724 F.3d 1255, 1260 (9th Cir. 2013) ("[A] person who is in state

5   custody may not use § 1983 to challenge 'the very fact or duration of . . . confinement' by seeking 'a

6   determination that he is entitled to immediate release or *a speedier release from that imprisonment*' – for

7   example, an injunction requiring prison officials to grant good-time credits that would shorten his prison

8   term.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 93 S. Ct. 1827 (1973)).[1]

9

10       **The dismissal of the *Heck*-barred claim must be without prejudice**, i.e. without prejudice to the

11   plaintiff's right to re-file the claim in federal court if and when he can show that the conviction or sentence

12   in question has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal

13   authorized to make such a determination, or called into question by a prior federal court's grant of habeas

14   corpus relief from the conviction/sentence.  As a Ninth Circuit panel recently held,

15

16       Plaintiffs' section 1983 claims are barred by *Heck* because a judgment in their favor, holding

17       that the cleanup orders were imposed improperly and that the prosecution was unlawful,

18       would necessarily imply the invalidity of Plaintiffs' state-court convictions.  * * *

19                                          * * *

20   The district court erred, though, in dismissing the action with prejudice.  We held in *Trimble*

21   *v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam), that *Heck*-barred section

22

23   ─────────────────
        1

24       *See also, e.g., Horbert v. Curry*, 475 F. App'x 237 (9th Cir. 2012) (district court was right
     to apply *Heck* to dismiss state prisoner's section 1983 action "alleging that his constitutional rights
25   were violated in a prison disciplinary hearing that deprived him of time credits" "because Horbert
     failed to allege that the results of the disciplinary hearing had been invalidated") (citing *Heck* and
26   *Edwards*, 520 U.S. at 648, 117 S. Ct. 1584); *Ollie v. Brown*, No. 13-5497, – F. App'x -, 2014 WL
     1724495, *2 (3d Cir. **May 2, 2014**) (per curiam) ("Here, the complaint seeks the sort of relief that
27   is plainly barred by *Heck* because he sought § 1983 relief that would necessarily imply the invalidity
     of his conviction in the pending criminal action, but he had not demonstrated that his conviction has
28   already been invalidated.") (citations omitted).

                                          5

1983 claims must be dismissed without prejudice so that the plaintiff may "reassert his

claims if he ever succeeds in invalidating his conviction."

*Chico Scrap Metal, Inc. v. Robinson*, No. 11-17912, – F. App'x –, 2014 WL 185883, *2 (9th Cir. Jan. 17,

2014).  *See also, e.g., Matthews v. Craven*, 485 F. App'x 893, 894 (9th Cir. 2012) (claims were barred by

*Heck* and thus subject to dismissal; "However, because the district court dismissed the action with prejudice,

we vacate the judgment in part, and remand for entry of dismissal without prejudice.") (citing *Trimble*, 49

F.3d at 585); *Borden v. Gauthier*, 472 F. App'x 808, 809 (9th Cir. 2012) ("The district court properly

dismissed without prejudice Borden's action because it appears from the face of the complaint that the action

is *Heck*-barred."); *Oliver v. Pineschi*, 2014 WL 2014 WL 1431709, *5 (E.D. Cal. Apr. 11, 2014) ("[T]o the

extent that plaintiff's claims . . . are an attempt on his part to challenge his conviction in state court or the

proceedings that resulted in such a conviction, they are subject to dismissal *without* prejudice as barred by

the decision in *Heck*.") (emphasis added).


<u>ANALYSIS:  VIOLATIONS OF STATE LAW OR PRISON REGULATIONS</u>

To the extent that plaintiff claims that the defendants violated California state law or prison

regulations, he fails to state a claim under section 1983, because that provision provides a cause of action

for violation of *federal* rights only.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1982), *overruled on other

grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir.

1985); *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.2 (9th Cir. 2007); *Lowell v. Poway Unif. Sch.

Dist.*, 90 F.3d 367, 370-71 (9th Cir. 1996) ("To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

Section 1983 offers no redress") (citation omitted).  "'To state a claim for relief in an action brought under

§ 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of

the United States, and that the alleged deprivation was committed under color of state law.'"  *Calif. Alliance

of Child & Family Servs. v. Allenby*, 589 F.3d 1017, 1025 n.2 (9th Cir. 2009) (quoting *Am. Mfrs. Mut. Ins.

Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977 (1999)); *see, e.g., Wilson v. Kernan*, 369 F. App'x 831,

833 (9th Cir. 2010) ("[N]either of Wilson's alleged state-law claims stated a cognizable claim under . . . §

1  1983, and Wilson's contention that the district court was nonetheless obligated to exercise supplemental

2  jurisdiction over these claims lacks merit.") (citing *Ove v. Guinn*, 264 F.3d 817, 826 (9th Cir. 2001)).

3

4  ANALYSIS:  NO DUE PROCESS CLAIM RELATED TO CELL TRANSFER

5  **Fourth, Vega has not stated a cognizable due process claim based on his allegation that prison**

6  **officials moved him to a cell with inadequate ventilation.**  The Constitution does not recognize a liberty

7  interest in avoiding transfer to more-adverse conditions of confinement per se, *see Wilkinson*, 545 U.S. at

8  221).  "Lawfully incarcerated persons retain only a narrow range of protected liberty interests", *Hewitt v.*

9  *Helms*, 459 U.S. 460, 467, 103 S. Ct. 864 (1983), and so "long as the conditions or degree of confinement

10  to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative

11  of the Constitution, the Due Process Clause does not itself subject an inmate's treatment by prison

12  authorities to judicial oversight", *Montanye v. Haynes*, 427 U.S. 236, 242, 96 S. Ct. 2543 (1976).

13  Conversely, Supreme Court precedent holds that state prison regulations can create a federally

14  cognizable and enforceable liberty interest if they "inevitably" affect the duration of his sentence or if they

15  impose an "atypical and significant hardship upon the inmate in relation to the ordinary incidents of prison

16  life." *Sandin*, 515 U.S. at 484 and 387.  The Supreme Court has specifically held that "[t]ransfer to less

17  amenable quarters for non-punitive reasons [is] . . . 'ordinarily contemplated by a prison sentence'",

18  *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (quoting *Hewitt*, 459 U.S. at 468, 103 S. Ct.

19  864) (other citations omitted).  Therefore, as a matter of law, a mere transfer to another cell, standing alone,

20  cannot implicate a federal liberty interest enforceable through section 1983 or otherwise.

21

22  **The Court holds that a transfer to a cell with allegedly inadequate ventilation does not suffice**

23  **to state a claim for a hardship that was atypical of prison life.**  *See Resnick*, 213 F.3d at 448-49 (no

24  federal cognizable liberty interest implicated by plaintiff being held in a higher-security housing unit pending

25  a disciplinary hearing where he failed to allege that conditions in that unit differed materially from those in

26  the general population or in administrative segregation).

27  As our Circuit recently emphasized, "[o]nly the most extreme changes in the conditions of

28  confinement have been found to directly invoke the protections of the Due Process Clause, such as

involuntary commitment to a mental institution, or the forced administration of psychotropic drugs." *Chappell*, 706 F.3d at 1063 (citing *Vitek v. Jones*, 445 U.S. 480, 493-94, 100 S. Ct. 1254 (1980) and *Washington v. Harper*, 494 U.S. 210, 221-21, 110 S. Ct. 1028 (1990)).  *Compare, e.g., Harper v. Schwarzenegger*, 2013 WL 6844402, *5 (E.D. Cal. Dec. 23, 2013) ("[T]here is no support for a finding that Plaintiff has a protected liberty interest in a single-cell status classification.  That being celled with an other inmate is more likely to result in assault by another inmate is not sufficient, in and of itself, to demonstrate that it is a condition which imposes atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life.") (citation omitted) *with Percelle v. Pearson*, 2013 WL 6086918, *4 (N.D. Cal. Nov. 19, 2013) (holding that prisoner had stated a Due Process claim arising out of his conditions of confinement, where he alleged that placement in Ohio's "super-max" prison entailed "almost all human contact [being] prohibited, even to the point that conversation is not permitted from cell to cell" and "the light, though it may be dimmed, [kept] on for 24 hours" and exercise was allowed only for one hour per day and then in a small indoor room, the placement was indefinite, and the placement was reviewed only once per year).

Our Circuit recently held that a prison did not state a Due Process claim arising out of his placement on temporary contraband watch which allegedly involved being "placed in a hot cell with no ventilation." *See Chappell*, 706 F.3d at 1061-63.  In that case, the prisoner's Due Process claim rested on the additional allegations that he was "taped into two pair of underwear and jumpsuits, . . chained to an iron bed, shackled at the ankles and waist so that he could not move his arms, and was forced to eat like a dog[.]" *Id.* at 1061. Here, by contrast, Vega does not allege any additional deprivations and restrictions even roughly similar to those imposed on the prisoner in *Chappell* – or roughly similar to the additional deprivations or restrictions imposed in any other decision where the Ninth Circuit at least held that a prisoner had stated a due process claim arising out of his conditions of confinement.  Thus, Vega has not stated a Due Process claim on which relief could be granted arising out of his transfer to a cell with allegedly inadequate ventilation.


ANALYSIS OF EIGHTH AMENDMENT CRUEL & UNUSUAL PUNISHMENT CLAIM

**Fifth, Vega's complaint, as written, does not state a claim for violation of his Eighth Amendment right to be free of cruel and unusual punishment.**  Such a claim has both an objective component and a subjective component, and Vega fails to allege facts sufficient for either.

**As to the objective component,** the prisoner must allege conditions so serious as to be outside the bounds which society choose to tolerate. *See Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 36 (1993). "Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety." *Washington v. Early*, 2008 WL 795603, *10 (E.D. Cal. Mar. 24, 2008) (citing *Rhoades v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981) and *Touissant v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), and *Hoptowit v. Ray*, 682 F.2d at 1246), *R&R adopted*, 2008 WL 2261399 (E.D. Cal. June 2, 2006). "A deprivation is sufficiently serious" for this purpose "when the prison official's act or omission results 'in the denial of the minimal civilized measure of life's necessities.'" *Lemire v. California DORC*, 726 F.3d 1062, 1074 (9th Cir. 2013) (quoting *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834, 114 S. Ct. 1970)) (other internal quotation marks omitted). The Court has not located any Supreme Court or Ninth Circuit decisions holding or implying that a prison cell which is generically said to have "inadequate" ventilation, without more, satisfies the objective component of a cruel-and-unusual-punishment claim.

**The second criterion of an Eighth Amendment cruel-and-usual-punishment claim is the requirement that the defendant exhibit deliberate indifference, i.e., that the defendant was subjectively actually aware of facts from one could infer that the prisoner faced a substantial risk of serious harm *and* that the defendant actually drew that inference.** *See Farmer*, 511 U.S. at 837. A prisoner need not show that the defendant intended any harm to befall him; "'it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" *Lemire*, 726 F.3d at 1074 (quoting *Farmer*, 511 U.S. at 842). By contrast, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 837; *see, e.g., Clothier v. County of Contra Costa*, 591 F.3d 1232, 1248 (9th Cir. 2010) ("Although Foley's failure to communicate Blush's instructions may have been negligent, in the absence of evidence that Foley knew Clothier was in substantial danger, it cannot be said that Foley acted with deliberate indifference.") (citing *Farmer*, 511 U.S. at 835).

**Accordingly, allegations of negligence do not suffice to plead deliberate indifference.** *See Estelle*, 429 U.S. at 105-06, *cited by DeShaney v. Winnebago County Dept' of Soc. Servs.*, 489 U.S. 189, 199 n.5, 109 S. Ct. 998, 1005 n.4 (1989) ("To make out an Eighth Amendment claim based on the failure

to provide adequate medical care, a prisoner must show that the state defendants exhibited 'deliberate indifference' to his 'serious' medical needs; the mere negligent or inadvertent failure to provide adequate care is not enough."). Even allegations of *gross* negligence do not suffice to state a claim for deliberate indifference in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. *See Vanderwerff v. Allison*, 2014 WL 1664996, *9 (E.D. Cal. Apr. 25, 2014) ("Plaintiff alleges that defendants . . . acted with deliberate indifference by placing his fingertip in a cup of saline. At best, plaintiff's allegations . . . amount to medical malpractice or gross negligence. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.") (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Rather, "[t]he requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care." *Herrera v. Hernandes*, 2014 WL 1664971, *3 (E.D. Cal. Apr. 23, 2014) (citing *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012)). Vega's complaint contains no allegation that either of the defendants knew of and then recklessly disregarded any risk of harm to him from the cell transfer, so this is another reason why he has not yet stated an Eighth Amendment claim.

ANALYSIS OF CLAIM FOR EMOTIONAL-DISTRESS DAMAGES

**Finally, under the Prison Litigation Reform Act, plaintiff cannot recover damages for mental or emotional distress under the complaint as written.** Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal Civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also* 42 U.S.C. § 1997e(h) (defining "prisoner" to include any person "detained in any facility who is accused of . . . violations of criminal law").

"Congress failed to specify the type, duration, extent, or cause of 'physical injury' that it intended to serve as a threshold qualification for mental and emotional distress claims." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002)). Absent a statutory directive or other guidance from Congress, our Circuit has created a requirement that a prisoner-p**laintiff allege physical injury that was more than *de minimis*; the prisoner, however, is not required to allege a "significant" physical injury.** *See Pierce v. County of Orange*, 526 F.3d 1190, 1224 (9th Cir. 2008) (reversing dismissal of prisoner's emotional-distress claim, court determined that bladder infection

(allegedly caused by prison denying him an adequate supply of catheters) and bed sores (allegedly caused by prison not providing a proper mattress in light of his quadriplegia) constituted more than *de minimis* physical injuries); *see, e.g., Jackson v. Monterey Cty. Jail*, 407 F. App'x 119 (9th Cir. 2010) (affirming dismissal of section 1983 Eighth Amendment action alleging unconstitutional conditions of confinement due to asbestos exposure because he "failed adequately to allege physical injury"); *Howard v. Klicka*, 242 F. App'x 416, 420 (9th Cir. 2007) (reversing summary judgment for prison staff on cruel-and-unusual-punishment claim and holding that there was a triable issue of fact as to whether prisoner had suffered more than *de minimis* injury when his pre-existing back condition was aggravated by being forced to sleep on concrete after the prison deprived him of bedding and deprive him of all clothing except underwear).

The *fear* of physical harm does not satisfy the requirement of a physical injury that is more than *de minimis*. *See Chappell v. Fleming*, 2014 WL 793986, *5 (E.D. Cal. Feb. 26, 2014) (holding that prisoner did not satisfy physical-injury requirement by alleging that after defendant prison guards publicly announced that he had a prior rape conviction, he suffered fear that other inmates would inflict serious physically harm him as a result), *R&R adopted*, 2014 WL 1270612 (E.D. Cal. Mar. 26, 2014); *see also, e.g., Canell v. Multnomah County*, 141 F. Supp.2d 1046, 1053 (D. Or. 2001) ("Plaintiff alleges that he was put at increased risk of violence by other inmates by defendants' 'double bunking' practices. The record reflects that plaintiff was attacked once by another inmate while double bunked. However, plaintiff acknowledges that he was not physically injured and did not seek medical attention. [T]he fear of or risk of physical injury does not equate with actual physical injury.").

Moreover, our Circuit has rejected the notion that a prisoner cannot satisfy the PLRA's physical-injury requirement unless he alleges "'an observable or diagnosable medical condition requiring treatment by a medical care professional,' which would cause a 'free world person' to seek such treatment.'" *Pierce*, 526 F.3d at 1224 (quoting *Oliver*, 289 F.3d at 628).

**As currently written, however, the complaint does not allege that plaintiff suffered *any* physical injury as a result of the cell transfer.** *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (""); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002); *see, e.g., Medcalf v. Sonnen*, 216 F. App'x 665, 666 (9th Cir. 2007) (citing 42 U.S.C. § 1997e(e) and stating, "Medcalf points to no evidence of any physical injury caused by the acts he claims violated his constitutionally protected rights. Therefore, Medcalf has

1  failed to raiser a triable issue as to the material fact of damages, essential under § 1983 for his remaining

2  Eighth Amendment claims."); *Esslinger v. Worrall*, 89 F. App'x 622, 623 (9th Cir. 2004) ("Esslinger's claim

3  for emotional damages arising from the alleged mislabeling of him as 'mentally ill' fails because he did not

4  demonstrate the requisite [more than] de minimis injury."); *accord Brame v. Woolf*, 2014 WL 201742, *2

5  (M.D. Fla. Jan. 17, 2014) ("It is apparent from the face of the complaint that §1997e(e) bars Brame's claims

6  for compensatory and punitive damages.  The complaint identifies no physical injury arising from

7  Defendants' conduct, much less injury that is more than de minimis.").

8

9      **Except for the damages claims against official-capacity defendants, the dismissal will be**

10  **without prejudice,** because our Circuit requires that *pro se* litigants be granted leave to amend, even more

11  than once, unless it is clear that further amendment would be futile.  *See Jackson v. Carey*, 353 F.3d 750,

12  758 (9th Cir. 2003) ("Clearly Jackson did not allege a physical injury in his second amended complaint.

13  However, dismissal without leave to amend is improper unless it is clear that the complaint could not be

14  saved by any amendment.") (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *accord Thompson*

15  *v. Sec'y, Florida DOC*, No. 13-11272, – F. App'x –, 2014 WL 115682, *1 n.1 (11th Cir. Jan. 14, 2014).

16

17                                          ORDER

18      All claims for damages against the defendants are **DISMISSED *with* prejudice**.

19      The remainder of the complaint is **DISMISSED *without* prejudice**.

20

21      No later than Friday, June 13, 2014, plaintiff **MAY FILE** a First Amended Complaint which rectifies

22  the deficiencies identified in this Order.

23      Any First Amended Complaint shall be complete in itself.  It shall not refer in any manner to any

24  prior complaint.[2]  The factual allegations in any First Amended Complaint "'must not be inconsistent with

25

26  _____

        [2]

27  An amended complaint supersedes the original, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir.
    2012) (en banc).  "Once plaintiff files an amended complaint, the original pleading no longer serves

28  any purpose . . . ."  *Parise v. Union Pac. R.R.*, 2014 WL 1665139, *2 (E.D. Cal. Apr. 24, 2014).

those already alleged' in the original pleading."[3]

Plaintiff is **ADVISED** that if he fails to file an amended complaint which rectifies the deficiencies identified in this Order by the deadline, such failure may be considered lack of prosecution and failure to comply with court order, and the Court may then dismiss the complaint with prejudice without further warning and without further opportunity for argument or amendment.[4]

Plaintiff is **ADVISED** that if this action is thus dismissed, the dismissal "may hereafter be counted as a 'strike' against him pursuant to 28 U.S.C. § 1915(g)."[5] IT IS SO ORDERED.

The Court will not issue a final judgment at this time. "This is not a final order for purposes of 28 U.S.C. § 1291" because it does not conclusively dispose of all claims and issues as to all parties.[6]

DATED:      May 8, 2014

_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[3] *Ismail v. Ford*, 2014 WL 1681993, *17 (C.D. Cal. Apr. 29, 2014) (quoting *Lacey*, 693 F.3d at 939).

[4] *See, e.g., Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084, *as amended*, 234 F.3d 428 (9th Cir. 2000), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007); *Davis v. Morris*, 2014 WL 1364895, *4 with n.3 (C.D. Cal. Apr. 4, 2014).

[5] *See Rojo v. R.J. Donovan State Prison*, 2014 WL 1653102, *4 n.1 (S.D. Cal. Apr. 23, 2014) (state prisoner's § 1983 action) (citing *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996)). "Pursuant to 28 U.S.C. § 1915(g), a prisoner with three strikes or more cannot proceed IFP [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

[6] *See Butler v. L.A. County*, 2013 WL 8291425, *9 n.6 (C.D. Cal. Oct. 11, 2013) (Fairbank, J.) (citing *Nelson v. Am. Home Ass. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012)). The Court declines to certify this order for interlocutory appeal pursuant to Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b).